Mr. Evans N. Wentz Executive Director State Commission for the Blind P. O. Box 12866 Austin, Texas 78711
Re: Whether the Commission for the Blind may maintain deferred compensation program for licensed vendors
Dear Mr. Wentz:
You ask whether the State Commission for the Blind may maintain a deferred compensation program from funds received from vending facilities located on federal property pursuant to the Randolph-Sheppard Act.
The Randolph-Sheppard Act, 20 U.S.C. § 107-107f, authorizes the operation of vending facilities in federal buildings by blind vendors licensed by a state agency. See also Human Res. Code §§ 94.001-94.015. The act provides for the distribution of vending machine income on federal property.20 U.S.C. § 107d-3. It authorizes the establishment of retirement or pension plans, health insurance programs, and provisions for paid sick leave and vacation time from income derived from vending facilities which accrues to the state licensing agency, but makes no reference to deferred compensation programs.20 U.S.C. § 107d-3(a), (c). It also states that any state agency which desires to be designated as the licensing agency must agree that, if any funds are set aside from the net proceeds of the operation of the vending facilities, they may be used only for stated purposes. Deferred compensation programs are not among these purposes. 20 U.S.C. § 107b. Thus, the Randolph-Sheppard Act itself does not purport to authorize the establishment of a deferred compensation program.
The commission, as a state agency, has only that authority expressly granted by the constitution and statutes, or implied therefrom. Railroad Commission of Texas v. Red Arrow Freight Lines, Inc., 96 S.W.2d 735 (Tex.Civ.App.-Austin 1936, writ ref'd). Article 6252-3b, V.T.C.S., authorizes the state or any political subdivision thereof to agree, by contract, with any employee to defer, in whole or in part, any portion of his compensation. Section 4 of the act provides that `[f]or the purposes of this Act, `employee' means any person whether appointed, elected, or under contract, providing services for the State, county, city, town, or other political subdivision, for which compensation is paid.' (Emphasis added). We conclude that state-licensed blind vendors are not `employees' for the purposes of the act and that, therefore, the State Commission for the Blind is without authority to establish and maintain deferred compensation programs for them.
We construe the phrase `for which compensation is paid' to refer to compensation paid by the state. In order for any person to qualify for inclusion in the deferred compensation program, he must meet the statutory criteria. The blind vendors are not paid compensation by the state and, consequently, are not employees within the meaning of section 4 of article 6252-3b, V.T.C.S. Their income is derived from the vending facility, not from the state. Article 6252-3b provides in section 3 that payroll deductions for deferred compensation shall be made by the appropriate payroll officer. Thus, the statute contemplates that a participant in a deferred a compensation program will be on the payroll of the state or a political subdivision. Section 6 of article 6252-3b states that `any sum deferred under the deferred compensation program shall not be subject to taxation until distribution is actually made to the employee.' The deduction for deferred compensation is to be made before the employee receives that portion of his compensation. This program is not available to persons who operate vending facilities on federal property pursuant to the Randolph-Sheppard Act.
In view of our answer to your first question, we need not answer your additional questions.
 SUMMARY
The State Commission for the Blind lacks authority to establish and maintain a deferred compensation program for commission-licensed blind vendors operating vending facilities located on federal property.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Jim Moellinger Assistant Attorney General